

# CT Corporation

**Service of Process Transmittal**
04/04/2019
CT Log Number 535227520

TO: KATHLEEN LOPILATO
AUTO-OWNERS INSURANCE COMPANY
6101 ANACAPRI BLVD
LANSING, MI 48917-3999

RE: **Process Served in Tennessee**

FOR: Auto-Owners Insurance Company (Domestic State: MI)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| TITLE OF ACTION: | Lakeway Autosales, Inc., Pltf. vs. Auto-Owners Insurance Company, Dft. |
| DOCUMENT(S) SERVED: | Letter, Civil Summons, Complaint, Exhibit(s) |
| COURT/AGENCY: | Hamblen County Chancery Court, TN<br>Case # 2019CV86 |
| NATURE OF ACTION: | Insurance Litigation |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Knoxville, TN |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 04/04/2019 postmarked on 04/02/2019 |
| JURISDICTION SERVED: | Tennessee |
| APPEARANCE OR ANSWER DUE: | Within 30 days from the date this summons is served upon you (Document(s) may contain additional answer dates) |
| ATTORNEY(S) / SENDER(S): | Jeffrey C. Taylor<br>Taylor Law Firm<br>365 West Third North Street<br>P.O. Box 2004<br>Morristown, TN 37814-2004<br>(423)586-6812 |
| REMARKS: | Documents were served upon the Tennessee Department of Insurance on March 22, 2019 and forwarded to CT Corporation. |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 04/04/2019, Expected Purge Date: 04/09/2019<br><br>Image SOP<br><br>Email Notification, KATHLEEN LOPILATO lopilato.kathleen@aoins.com<br><br>Email Notification, Lance Arnott SOPVerification@wolterskluwer.com |
| SIGNED:<br>ADDRESS: | C T Corporation System<br>300 Montvue RD<br>Knoxville, TN 37919-5546 |
| TELEPHONE: | 312-345-4336 |



EXHIBIT 1

Page 1 of 1 / AN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Department of
Commerce &
Insurance

Service of Process
500 James Robertson Parkway
Nashville, Tennessee 37243

7017 1450 0002 1333 8164

FIRST C
ZIP 37243
02 4M
0000345995

7017 1450 0002 1333 8164    03/22/2019
AUTO OWNERS INSURANCE COMPANY
300 MONTVUE RD, % C T CORP.
KNOXVILLE, TN 37919-5546

**STATE OF TENNESSEE
Department of Commerce and Insurance
500 James Robertson Parkway
Nashville, TN 37243-1131
PH - 615.532.5260, FX - 615.532.2788
Jerald.E.Gilbert@tn.gov**

March 22, 2019

Auto Owners Insurance Company
300 Montvue Rd, % C T Corp.
Knoxville, TN 37919-5546
NAIC # 18988

Certified Mail
Return Receipt Requested
7017 1450 0002 1333 8164
Cashier # 43163

Re: Lakeway Auto Sales, Inc. V. Auto Owners Insurance Company

Docket # 2019-CV-86

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served March 12, 2019, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Sevier County
    125 Court Avenue, Ste 204E
    Sevierville, Tn 37862

| Hamblen County Chancery Court<br>Katherine Jones-Terry, Clerk<br>511 West 2nd North Street<br>Morristown, TN 37814<br>(423) 586-9112 | **STATE OF TENNESSEE**<br>**CIVIL SUMMONS**<br>page 1 of 1 | Case Number<br>2019-CV-86 |
|---|---|---|
| | Lakeway Auto Sales, Inc.    vs.  Auto-Owners Insurance Company | |

Served On:

__Auto-Owners Ins Co__   __Dept. of Commerce & Insurance, Attn: Service of Process, 500 James Robertson Pkwy, Nashville, TN 37243__

You are hereby summoned to defend a civil action filed against you in Circuit Court, Sevier County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the Plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: __2/27/19__    __[signature] Jones-Terry__
                              Clerk / Deputy Clerk

Attorney for Plaintiff: __Jeffrey C. Taylor, Esq., TAYLOR Law Firm__
                                    __P.O. Box 2004, Morristown, TN 37816__

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to    Katherine Jones-Terry, Chancery Court Clerk, Hamblen County
                    511 West 2nd North Street, Morristown, TN 37814

## CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____    _____
                                                        Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____    By: _____
                                            Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____    _____
                                                        Notary Public / Deputy Clerk (Comm. Expires _____)

_____    _____
Signature of Plaintiff                Plaintiff's Attorney (or Person Authorized to Serve Process)
                                            (Attach return receipt on back)

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____.*

Rev. 03/11

# IN THE CHANCERY COURT FOR HAMBLEN COUNTY, TENNESSEE
# AT MORRISTOWN

| | |
|---|---|
| LAKEWAY AUTO SALES, INC., | ) |
| Plaintiff, | ) ) |
| v. | ) No.: 2019-CV-86 |
| AUTO-OWNERS INSURANCE COMPANY, | ) FILED CHANCERY COURT CLERK ) |
| Defendant. | ) FEB 27 2019 ) TIME 2:15 pm |

HAMBLEN COUNTY

## COMPLAINT

Comes the Plaintiff, Lakeway Auto Sales, Inc., by and through counsel, and for Complaint against the Defendant, Auto-Owners Insurance, would state as follows:

1. Plaintiff, Lakeway Auto Sales, Inc., is a Tennessee corporation, with its primary place of business in Hamblen County, Tennessee.

2. Defendant, Auto-Owners Insurance, is an insurance company authorized and licensed to do business in the State of Tennessee, and said Defendant may be served through the Department of Commerce and Insurance, Attn: Service of Process, 500 James Robertson Parkway, Nashville, Tennessee 37243.

3. On July 9, 2018, Plaintiff owned, possessed, and controlled a 2012 GMC Yukon vehicle. At all times material hereto, Plaintiff's vehicle's last known location was in a parking lot in Oklahoma City, Oklahoma. Plaintiff had recently purchased and took possession of the 2012 GMC Yukon at a CarMax auction. Immediately after purchasing the 2012 GMC Yukon at auction, Plaintiff, through its agent, took ownership and sole possession of said vehicle and parked the vehicle in a parking lot separate and apart from the

CarMax fenced in auction property. Attached hereto as **Exhibit A** is a copy of the receipt provided to Plaintiff, upon Plaintiff's purchase of said vehicle.

4. At all times material hereto, Plaintiff had procured and had in place Garage Liability and Dealer's Blanket Insurance coverage through Defendant, specifically Policy Number 43-74458-00 that Plaintiff had purchased through Defendant's agents, Bible Insurance Agency, Inc. (the "Policy") in Hamblen County, Tennessee. Attached hereto as **Exhibit B** is a copy of the Declaration Page of the aforementioned Policy, evidencing its coverage period and applicability herein.

5. Prior to Plaintiff's purchase of said Policy, Plaintiff disclosed to Defendant's agent that it routinely purchased vehicles, such as the 2012 GMC Yukon from automobile auctions.

6. Prior to the July 9, 2018 loss of the 2012 GMC Yukon vehicle, Defendant had accepted coverage for Plaintiff's previous losses sustained to vehicles purchased at auctions and parked at adjacent parking lots.

7. On July 9, 2018, the aforementioned 2012 GMC Yukon was stolen or otherwise taken from the location Plaintiff's agent parked the vehicle, without the knowledge or authorization of Plaintiff. To date, Plaintiff has not recovered the 2012 GMC Yukon.

8. The 2012 GMC Yukon in issue had a retail value of $25,650.00 and Plaintiff intended to price the vehicle at $24,900.00.

9. Subsequent to July 9, 2018, Plaintiff timely reported to Defendant's agent, Bible Insurance Agency, Inc., in Hamblen County, Tennessee, the loss of the 2012 GMC Yukon and made a claim for the loss of the vehicle.

10. Plaintiff received a letter dated November 30, 2018 from Defendant, denying Plaintiff's claim regarding the stolen or missing 2012 GMC Yukon vehicle. Defendant's reason for denying insurance coverage was, "we do not <u>feel</u> coverage would apply as the Yukon was in possession of another dealer or auction." The November 30, 2018 letter is attached hereto as **Exhibit C**.

11. Thereafter, Plaintiff tried unsuccessfully to persuade Defendant to reverse its position and honor its contract of insurance. On February 14, 2019, for example, Plaintiff caused a letter to be sent via certified mail to Defendant, which set forth specific facts showing Plaintiff did have full ownership and had taken sole possession and did solely possess the 2012 GMC Yukon in issue at the time of the loss, as opposed to "another dealer or auction." The Defendant accepted service of the letter on February 19, 2019. A copy of the February 14, 2019 letter is attached hereto as **Exhibit D** and a copy of the USPS Tracking information is attached hereto as **Exhibit E**.

12. Plaintiff's February 14, 2019 letter specifically addressed Plaintiff's purported basis for denying coverage of its loss and explained that Defendant's denial position was without merit.

13. Defendant has never accepted Plaintiff's claim set forth herein.

14. Plaintiff has suffered substantial loss because of Defendant's actions.

15. Upon information and belief, although Defendant has historically accepted this Plaintiff's claims for losses identical to the loss set forth above, it is understood and alleged that Defendant has unreasonably denied coverage of Plaintiff's aforementioned claim; and that Defendant routinely unreasonably denies coverage to its policy holders for valid claims as a general business practice.

### First Claim for Relief
### Breach of Contract

16. The allegations set forth in Paragraphs 1 through 15 are hereby incorporated by reference.

17. Plaintiff purchased the 2012 GMC Yukon for a valuable consideration.

18. Upon Plaintiff's purchase of the 2012 GMC Yukon, Plaintiff took immediate ownership and right of exclusive possession of the 2012 GMC Yukon in issue. Such right of exclusive possession constitutes an insurable interest in the 2012 GMC Yukon under well-settled Tennessee law, and the enforceable contract of insurance applicable to this loss.

19. Plaintiff and Defendant entered into an enforceable contract of insurance in Hamblen County, Tennessee, for insurance covering loss of the 2012 GMC Yukon vehicle. Defendant, through its agent, had knowledge of the nature of Plaintiff's insurable interest and its practice of purchasing vehicles such as the 2012 GMC Yukon at auctions, prior to issuance of the Policy, and prior to the aforementioned loss.

20. Plaintiff suffered a loss as a result of the stolen or taken 2012 GMC Yukon.

21. Defendant breached the contract by refusing to accept, pay and settle Plaintiff's claim set forth herein.

### Second Claim for Relief
### Bad Faith Failure to Pay Promptly

22. The allegations set forth in Paragraphs 1 through 21 are hereby incorporated by reference.

23. Plaintiff suffered a loss on July 9, 2018.

24. Defendant refused to pay the loss within sixty (60) days after a demand was made by Plaintiff.

25. Defendant's refusal to pay the loss was not in good faith and the failure to pay inflicted additional expense, loss and injury including attorneys' fees upon Plaintiff.

26. As a result, Defendant is liable to Plaintiff under T.C.A. § 56-7-105.

### Third Claim for Relief
**Violation of Tennessee Unfair Trade Practices and Unfair Claims Settlement Act of 2009**

27. The allegations set forth in Paragraph's 1 through 26 are hereby incorporated by reference.

28. Because Defendant is aware that Tennessee law recognizes Plaintiff's insurable interest in the 2012 GMC Yukon and that the Policy constitutes an enforceable contract of insurance, Defendant's refusal to settle Plaintiff's claim on the basis that Plaintiff had no insurable interest in said property makes such refusal to settle not in good faith, a violation of T.C.A. § 56-8-101, et seq.

### Prayer For Relief

**WHEREFORE**, Plaintiff prays for the following relief:

A. That the Court declare Defendant's actions complained of in this Complaint are unlawful as alleged; and,

B. That the Court award Plaintiff compensatory and punitive damages, all in amounts to be proven at trial; and,

C. That the Court order Defendant to pay Plaintiff's costs, expenses and reasonable attorneys' fees in connection with this action; and,

D. That the Court grants such other and further legal and equitable relief to the Plaintiff as the Court deems just and proper.

This the 27th day of February, 2019.

                                                          LAKEWAY AUTO SALES, INC.
                                                          Plaintiff

Jeffrey C. Taylor, Esq. (BPR #013436)
TAYLOR LAW FIRM
365 West Third North Street
P.O. Box 2004
Morristown, TN 37814-2004
(423) 586-6812
jeff@taylorlawfirmtn.com

Attorney for Plaintiff

## COST BOND

We hereby acknowledge ourselves as sureties for the cost of this cause for all costs, taxes and damages in accordance with *T.C.A.* § 20-12-120.

                                                        TAYLOR Law Firm

                                                        By: _____
                                                          Jeffrey C. Taylor, Esq.



Ttl. Doc's. Rec._____    Bidder # _____

# WHOLESALE VEHICLE PURCHASE AGREEMENT
## AS IS SALE - SOLD WITHOUT WARRANTY

Brian

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency and receipt of which are hereby acknowledged, CarMax ("Seller") agrees to sell and Purchaser agrees to buy the vehicle identified below (the "Vehicle") pursuant to the terms and conditions in this Wholesale Vehicle Purchase Agreement (the "Purchase Agreement"), dated __7-9-18__.

Year __2012__   Make __GMC__   Model __YUKON 4D SPORT UTILITY__
VIN __1GKS2EEF7CR283063__   Stock Number __18138111__   Color __BLU__

> EXCEPT FOR THOSE WARRANTIES OUTLINED IN THE CARMAX GENERAL AUCTION POLICIES, WHICH IS INCORPORATED HEREIN BY REFERENCE, CARMAX HEREBY EXPRESSLY DISCLAIMS ALL WARRANTIES, WHETHER EXPRESS OR IMPLIED. THIS DISCLAIMER OF WARRANTIES INCLUDES, BUT IS NOT LIMITED TO, THE WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, AND ANY WARRANTIES ARISING FROM COURSE OF PERFORMANCE, COURSE OF DEALING, OR USAGE OF TRADE. PURCHASER UNDERSTANDS THAT NO PERSON IS AUTHORIZED TO GIVE ANY ADDITIONAL WARRANTIES NOR ASSUME ANY LIABILITY WITH REGARD TO THE VEHICLE OR THE SALE OF THE VEHICLE.

### VEHICLE MILEAGE AND CONDITION STATEMENT

Federal and State law require a statement of the Vehicle's mileage upon transfer of ownership. Providing a false statement or failure to complete such a statement may result in fines and/or imprisonment.

I, __CARMAX - OKLAHOMA CITY__, (transferor's name) state that the odometer of the Vehicle now reads __105,173__ (mileage, no tenths) miles and that to the best of my knowledge it reflects the actual mileage of the Vehicle, unless otherwise noted below.

ANNOUNCEMENTS: TITLE ABSENT

| | |
|---|---|
| TEL: (423)587-2641 | ENTRY NO. 52 |
| BIDDER #: 1#61 | |
| COMPANY: LAKEWAY AUTO SALES INC | SELLING PRICE $ 18,300.00 |
| ADDRESS: 3017 W ANDREW JOHNSON HY | BUYER'S FEE $ 350.00 |
| CITY: MORRISTOWN | ADMIN. FEE $ 0.00 |
| STATE/ZIP: TN 37814 | TOTAL $ 18,650.00 |

Purchaser hereby acknowledges that Purchaser has read, understands and accepts the terms and conditions of this Purchase Agreement, including the terms and conditions on the reverse of this document.

X_____  7-9-18    X_____  _____
Purchaser's Signature    Date    Seller's Signature    Date

__DAMON MOHAMMADI__    Seller: CarMax - OKLAHOMA CITY
Purchaser's Name (Print)

1/11   www.carmaxauctions.com
1-888-804-6604

FINANCIAL INSTITUTION

EXHIBIT A



**Owners**

INSURANCE COMPANY
6101 ANACAPRI BLVD., LANSING, MI 48917-3999

AGENCY  BIBLE INSURANCE AGENCY INC
19-0080-00    MKT TERR 053    (423) 586-4320

INSURED  LAKEWAY AUTO SALES INC

ADDRESS
3017 W ANDREW JOHNSON HWY
MORRISTOWN  TN  37814-3614

79041 (04-95)
Issued 04-26-2018
TAILORED PROTECTION POLICY DECLARATIONS
PREMIER GARAGE
Endorsement Effective 06-13-2018

POLICY NUMBER   43-744-582-00
Company Use    03-46-TN-0206

Company Bill

| POLICY TERM | |
|---|---|
| 12:01 a.m. | 12:01 a.m. |
| to | |
| 06-13-2018 | 06-13-2019 |

This policy is amended in consideration of the additional or return premium shown below. This Declarations voids and replaces all previously issued Declarations bearing the same policy number and premium term.

---

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PART(S).

THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.                    PREMIUM

GARAGE LIABILITY COVERAGE                                   $11,119.38
DEALER'S BLANKET COVERAGE                                   $16,875.97

                                                TOTAL       $27,995.35

EXHIBIT B


**INSURANCE**
LIFE · HOME · CAR · BUSINESS

Knoxville Branch Claim Office
2035 Lakeside Centre Way | Ste 210
Knoxville TN 37922
PO Box 32609 | Knoxville TN 37930-2609
p. 865.539.2991 | 865.539.9528 | 888.685.9617
auto-owners.com

November 30, 2018

Lakeway Auto Sales Inc.
3017 W Andrew Johnson Hwy
Morristown, TN 37814-3614

**CERTIFIED MAIL/RETURN RECEIPT
REGULAR MAIL**

RE: Claim No: 300-0350651-2018
Policy No: 43-74458-00
Date of Loss: 07/09/2018
Subject: Coverage Position Letter

Dear Mr. Caldwell:

You have made a claim with Owners Insurance Company Garage Liability and Dealer's Blanket policy number 43-744582-00 regarding a stolen or missing GMC Yukon.

The purpose of this letter is to reserve all rights under your policy and to inform you that there are questions regarding coverage. Specifically, the coverage is excluded in your Garage Liability and Dealer's Blanket policy.

It is my understanding that Lakeway Auto Sales purchased a 2012 GMC Yukon from Carmax on July 9, 2018. The vehicle was to be delivered to Morristown, TN and never showed up. The purchase was made and keys were supposedly put into a secured locker along with a set for a unrelated BMW. Upon review of inventory it had been noticed the Yukon and keys are not at Lakeway Auto Sales or Carmax.

Your Garage Liability and Dealer's Blanket policy does not cover the claims made; as the coverage is specifically excluded. I have included the following policy language for your review.

## INSURING AGREEMENT

The attached Declarations describe the Coverages and Limits of Insurance for which you have paid a premium. In reliance upon your statements on the Declarations and application(s), we agree to provide insurance subject to all terms and conditions of this policy. Each coverage described in this policy applies if a limit of insurance or a premium is shown in the Declarations for that coverage. In return, you must pay the premium and comply with all terms and conditions of this policy.

**SECTION I DEFINITIONS**
To understand this policy, you must understand the meaning of the following words. These words appear in **bold face type** whenever used in this policy and attached amendatory forms.

2. **Automobile** means a land motor vehicle, trailer or farm implement. **Automobile** includes equipment permanently included in or upon such **automobile**.

Serving our policyholders and agents since 1916

EXHIBIT
C

Case 2:19-cv-00071-TRM-MCLC Document 1-1 Filed 05/02/19 Page 13 of 19

9. **We, us** or **our** means the Company providing the insurance.

10. **You** or **your** means the named insured shown in the Declarations and if an individual, **your** spouse who resides in the same household.

**SECTION I – PHYSICAL DAMAGE**

A. **COVERAGE**

    2. **Comprehensive Coverage**
        a. We shall pay for direct physical loss of or direct physical damage to covered property to which this insurance applies resulting from any cause except upset or collision with another object or with a vehicle to which it is attached.
        b. We shall pay for glass breakage to covered property from any cause, including collision.

B. **EXCLUSIONS**
We do not cover under this insurance any of the following, whether or not any other cause or event contributed concurrently or in any sequence to the loss:
4. loss to any **automobile, watercraft** or camper body:
        c. in the possession of another dealer or auction under any circumstances unless the **automobile, watercraft** or camper body is in the possession of another dealer for repair.

Under the above noted policy language, we do not feel coverage would apply as the Yukon was in possession of another dealer or auction.

This correspondence is not intended to be an exhaustive statement of Owners' position concerning its coverages under its policy issued to the insured. Owners' coverage impressions are based on the Complaint, the policy, the information you have provided, and Owners' investigation. If you disagree, if there is any additional information that you believe to be relevant to the question of coverage, or if you believe that the information upon which Owners has relied is not accurate, please advise us of that and forward the additional relevant information that you believe we should review. If the Complaint is amended, or if the situation changes in such a way that you believe that it may come within the scope of the policy, Owners will review any additional information documenting the changes.

All rights, terms, conditions and exclusions in your policy are in full force and effect and are completely reserved.

Sincerely,
*Auto-Owners Insurance Company*

Justin Rosa
Justin Rosa
Branch Claims Representative
knoxville.clm@aoins.com
Ext. 58486

JR

# TAYLOR LAW FIRM



February 14, 2019
VIA CERTIFIED MAIL RETURN RECEIPT
7015 3010 0002 2856 0767

Auto-Owners Insurance
ATTN: Justin Rosa, Branch Claims Representative
2035 Lakeside Centre Way, Ste. 210
Knoxville, Tennessee 37922

Re:     Insured:     Lakeway Auto Sales, Inc.
                            Morristown, Tennessee
      Claim No.:    300-0350651-2018
      Policy No.:    43-74458-00
      Date of Loss: 07/09/2018

      Subject:     **Request for Reconsideration of Denial of Claim**

Dear Mr. Rosa:

I have been retained by Lakeway Auto Sales, Inc., the above referenced insured with respect to Auto-Owners Insurance's decision to deny insurance coverage relative to the property loss of my client's 2012 GMC Yukon, described in your November 30, 2018 letter to my client. The basis of Auto-Owners Insurance's denial is based upon Exclusion provision found in Section I – Physical Damage, B. 4. c. "in the possession of another dealer or auction under any circumstances unless the automobile ... is in the possession of another dealer for repair." You specifically note in your denial letter, "we do not feel coverage would apply as the Yukon was in possession of another dealer or auction."

Additionally, in addition to your November 30, 2018 letter, I have reviewed Lakeway Auto Sales, Inc.'s contract of insurance with Auto-Owners Insurance, Policy Term 06-13-2018 to 06-13-19, a Garage Liability and Dealer's Blanket insurance policy. I adamantly disagree with the basis of Auto-Owners Insurance's denial of coverage for the complete loss of my client's 2012 GMC Yukon.

Initially, it is uncontested that the above referenced insurance policy provides Lakeway Auto Sales, Inc. with coverage of automobiles. See Definitions Section of Policy. It should also be

365 WEST THIRD NORTH STREET • P.O. BOX 2004 • MORRISTOWN, TN 37816-2004
WWW.TAYLORLAWFIRMTN.COM

Case 2:19-cv-00071-TRM-MCLC   Document 1-1   Filed 05/02/19   Page 15 of 19

EXHIBIT D

uncontested that the above referenced insurance policy insures my client for direct physical loss of its automobiles that are located on a parking lot, public or privately owned, as long as the automobiles are not "in the possession of another dealer or auction."

Lakeway Auto Sales, Inc. provided you with a nine-bullet point procedure it follows in purchasing vehicles at a CarMax auction. The procedures provided clearly show that once my client's Buyer (Lakeway's Agent- referred to as "Buyer") purchases the vehicle, such as the 2012 GMC Yukon in issue, Lakeway Auto takes immediate possession and ownership of the vehicle. The Buyer immediately removes (required to remove) the purchased vehicle from the CarMax auction fenced property and parks the vehicle on property separate and apart from the fenced in auction property. At that time the auction has no possession, access or control over Lakeway's vehicle.

It is clear that with respect to my client's 2012 GMC Yukon, no other "dealer" is involved with the Yukon vehicle. My client further represented to Auto-Owners Insurance that once the buyer purchased the Yukon, drove it away from the auction, parked it outside of the auction's fenced in property, the vehicle could no longer be returned to the auction, the auction assumed no further responsibility, the auction maintained no insurance pertaining to the Yukon. As the aforementioned procedure was followed, once my client's buyer purchased the 2012 GMC Yukon away from the auction and the Buyer took full and total possession of the Yukon, by contract, my client's Yukon became subject to the above referenced insurance policy.

I do note in your November 30, 2018 letter that you acknowledged that your initial denial was not intended to be an exhaustive statement and that additional information would be considered regarding the question of coverage. The purpose of this correspondence is to demand Auto-Owners Insurance accept responsibility for the loss of my client's 2012 GMC Yukon, which occurred July 9, 2018. The retail price of the 2012 GMC Yukon was $25,650.00. The Yukon was to be priced at $24,900.00. Accordingly, my client respectfully demands payment for the loss of the 2012 GMC Yukon in the amount of $24,900.00.

Pursuant to the terms of the above referenced insurance policy, Lakeway Auto Sales, Inc. has fully complied with all terms of the insurance policy in its effort to seek coverage and payment from Auto-Owners Insurance. Although my client has one year from the July 9, 2018 loss of the Yukon to file legal action, should Auto-Owners Insurance fail to accept coverage as demanded in this letter within ten (10) days of your receipt, I will file the appropriate legal action for breach of contract naming all available parties, including, but not limited to, Auto-Owners Insurance.

As the local insurance agency, Bible Insurance Agency, Inc., can advise you, Lakeway Auto Sales, Inc. has experienced two identical claims as the current claim, both of which were covered and paid by Auto-Owners Insurance under the policy in issue. One such property loss involved a stolen car and the other a flood. Both of those losses occurred at parking lots owned by and adjacent to CarMax fenced in auction property. Auto-Owners Insurance made no reference to exclusion language in its review and payment of those claims. In addition to this correspondence, it is my understanding that Lakeway Auto Sales, Inc. has given Auto-Owners

Insurance several opportunities to consider and accept this claim – it has refused to do so. Accordingly, based on the previous identical claims made by my client, in addition to the clear and undisputed facts of this claim, pursuant to *Tennessee Code Annotated* § 56-7-105, in addition to the property loss of $24,900.00, my client will be seeking penalty in the sum of twenty-five percent (25%) on the liability for such loss along with its expenses, court costs and reasonable attorneys' fees incurred as a result of the Bad Faith refusal to pay this claim.

Please direct any future communications regarding this claim directly to my attention. I look forward to hearing from you, on or before the above stated deadline. Please be assured that Auto-Owners Insurance's failure to contact me prior to the above stated deadline will result in my client's filing of legal action, **without further notice.**

Very truly yours,

Jeffrey C. Taylor

JCT/km
Cc: Bible Insurance Agency, Inc.
P.O. Box 1177
Morristown, Tennessee 37816

# USPS Tracking®

FAQs > (https://www.usps.com/faqs/uspstracking-faqs.htm)

Track Another Package +

**Tracking Number:** 70153010000228560767                    Remove ✕

Your item was delivered to an individual at the address at 11:49 am on February 19, 2019 in KNOXVILLE, TN 37922.

## ✓ Delivered

February 19, 2019 at 11:49 am
Delivered, Left with Individual
KNOXVILLE, TN 37922

Get Updates ∨

---

### Text & Email Updates                                             ∨

---

### Tracking History                                                 ∧

**February 19, 2019, 11:49 am**
Delivered, Left with Individual
KNOXVILLE, TN 37922
Your item was delivered to an individual at the address at 11:49 am on February 19, 2019 in KNOXVILLE, TN 37922.

**February 16, 2019, 9:01 am**
Delivery Attempted - No Access to Delivery Location
KNOXVILLE, TN 37934

**February 16, 2019, 8:12 am**
Arrived at Unit
KNOXVILLE, TN 37922


EXHIBIT E

**February 15, 2019, 11:02 am**
Departed USPS Regional Facility
KNOXVILLE TN DISTRIBUTION CENTER

**February 14, 2019, 7:58 pm**
Arrived at USPS Regional Facility
KNOXVILLE TN DISTRIBUTION CENTER

**February 14, 2019, 5:39 pm**
Departed Post Office
MORRISTOWN, TN 37814

**February 14, 2019, 12:14 pm**
USPS in possession of item
MORRISTOWN, TN 37814

---

**Product Information** ⌄

---

See Less ⌃

Feedback

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**